IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


IRIS OCASIO                         :           CIVIL ACTION
                                    :
          v.                        :
                                    :
OCWEN LOAN SERVICING, LLC,          :
et al.                              :           NO. 07-5410


MEMORANDUM

Bartle, C.J.                                      July 23, 2008

          Plaintiff Iris Ocasio ("Ocasio") brings this action in
which she alleges that she was a victim of predatory practices in
connection with a residential mortgage loan.  She is suing
defendants American Business Credit, Inc. and American Business
Credit Corporation, the originating lenders; Ocwen Loan
Servicing, LLC ("Ocwen"), the loan servicer; and the Bank of New
York ("BONY"),[1] the mortgage assignee.  Ocasio seeks the
rescission of the loan as well as monetary and other relief.
Before the court are the motions of defendants Ocwen and BONY
("moving defendants") to dismiss Counts I-VI, IX, XIII and XIV of
plaintiff's Second Amended Complaint under Rules 12(b)(6) and
9(b) of the Federal Rules of Civil Procedure, and for a more
definite statement of the remainder of plaintiff's Counts under
Rule 12(e).

_____

1.  BONY was incorrectly denominated in the Complaint as the
"Bank of New York Mellon Corporation."

Ocasio's initial complaint was filed on December 24, 2007.  She pleaded a variety of origination-based claims against her originating lenders and defendant Ocwen.  In response to a motion to dismiss filed by Ocwen, Ocasio filed a First Amended Complaint on February 28, 2008.  The First Amended Complaint purported to bring seventeen causes of action, all against her originating lenders and defendant Ocwen.  In response to a second motion to dismiss filed by Ocwen, Ocasio filed the Second Amended Complaint, which reduced the number of causes of action against the original defendants to fourteen and added BONY as a defendant.

In the Second Amended Complaint, Ocasio asserts claims against all defendants for violations of the following statutes: (1) Truth-in-Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.*, in Count I; (2) Home Ownership and Equity Protection Act ("HOEPA"), 15 U.S.C. § 1639, which amended the TILA, in Count II; (3) Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, *et seq.*, in Count III; (4) Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691, *et seq.*, in Count IV; (5) Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*, in Count V; (6) Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, in Count VI; (7) Pennsylvania's Fair Credit Extension Uniformity Act ("FCEUA"), 73 Pa. Stat. Ann. § 2270.1, *et seq.*, in Count VII; and (8) Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 Pa. Stat. Ann. § 201-2, *et seq.*, in Count VIII.  She additionally asserts a variety of state

common law causes of action:  (1) fraud and fraudulent
misrepresentation, in Count IX; (2) breach of contract and
warranty, in Count X; (3) negligence, negligent
misrepresentation, and improvident (negligent) lending, in Count
XI; (4) breach of covenant of good faith and fair dealing, in
Count XII; (5) breach of fiduciary duty, in Count XIII; and
conspiracy, acting in concert, and aiding and abetting, in Count
XIV.

      Ocasio, in her brief in opposition to Ocwen's motion to
dismiss, has withdrawn the following claims against Ocwen:  (1)
RESPA, in Count III; (2) ECOA, in Count IV; (3) FCRA, in Count V;
(4) FDCPA, in Count VI; and (5) breach of fiduciary duty, in
Count XIII.  Though Ocasio does not explicitly withdraw these
claims against BONY as well, she incorporates in her brief in
opposition to BONY's motion to dismiss the contents of her brief
in response to Ocwen's motion to dismiss, which dismisses the
claims against Ocwen.  Further, Ocasio makes no attempt to
counter BONY's arguments that those claims should be dismissed
against it.  Thus, we will dismiss Counts III, IV, V, VI and XIII
of Ocasio's complaint against both Ocwen and BONY.

      We next consider moving defendants' motion to dismiss
the claims against them for failure to state a claim under Rule
12(b)(6) of the Federal Rules of Civil Procedure.  Under Rule
12(b)(6), a claim should be dismissed only where it "appears
beyond doubt that the plaintiff can prove no set of facts in
support of the claim which would warrant relief."  Cal. Pub.

-3-

<u>Employees' Ret. Sys. v. Chubb Corp.</u>, 394 F.3d 126, 143 (3d Cir. 2004) (citation omitted).  All well-pleaded allegations in the complaint must be accepted as true, and all reasonable inferences are drawn in favor of the non-moving party.  <u>Id.</u>

In Counts I and II, Ocasio seeks rescission of the loan, damages, and attorneys' fees under TILA and its sub-part HOEPA.  Ocasio's claims for statutory or actual damages and attorneys' fees under TILA and HOEPA are presumably based on § 1640, which provides for the award of money damages, including attorneys' fees, against "any creditor who fails to comply with any requirement imposed under this part."  Under TILA,

> [t]he term "creditor" refers only to a person who both (1) regularly extends, whether in connection with loans, sales of property or services, or otherwise, consumer credit which is payable by agreement in more than four installments or for which the payment of a finance charge is or may be required, and (2) is the person to whom the debt arising from the consumer credit transaction is initially payable on the face of the evidence of indebtedness or, if there is no such evidence of indebtedness, by agreement.

15 U.S.C. § 1602(f).  Ocasio does not allege that either Ocwen or BONY satisfies the first condition and clearly neither defendant satisfies the second.  Instead, the Second Amended Complaint identifies defendant American Business Credit, Inc. and American Business Credit Corporation as the "originating lenders," the entities initially payable on Ocasio's loan.  In contrast, the Second Amended Complaint identifies defendant Ocwen as Ocasio's loan "servicer" and BONY as an "assignee."  A loan servicer is

-4-

not liable under TILA.  15 U.S.C. § 1641(f); <u>Stump v. WMC Mortg.</u>
<u>Corp.</u>, 2005 WL 645238, 10 (E.D. Pa. 2005) (citations omitted).
Additionally, TILA does not permit a claim for money damages and
attorneys' fees against assignees such as BONY.  <u>Id.</u> at
§ 1641(c); <u>Brodo v. Bankers Trust Co.</u>, 847 F. Supp. 353, 359
(E.D. Pa. 1994).

TILA does not permit a rescission remedy against an
assignee.  However, the statute ordinarily provides a three-day
period from the date of closing in which the borrower may rescind
her loan in certain circumstances.  15 U.S.C. § 1635(a).  If,
however, there is a material TILA error made during the loan
origination, the three-day period may be extended to three-years.
<u>Id.</u> at § 1635(f).  Specifically, § 1635(f) provides that if such
a material error exists, "then the obligor's right of rescission
shall expire three years after the date of the consummation of
the transaction or upon the earlier sale of the property ...."
Here, the complaint alleges that the date of closing on the loan
was on or about September 27, 2001.  This action was filed on
December 24, 2007, more than three years later.

Ocasio contends that this three-year period constitutes
a statute of limitations and argues that it should be equitably
tolled under the discovery rule where, as here, there are
allegations that the defendant actively misled the plaintiff
concerning her cause of action.  The Supreme Court has had
occasion to consider the nature of the three-year time period set
forth in § 1635(f).  In <u>Beach v. Ocwen Federal Bank</u>, the Court

-5-

unequivocally determined that the three-year period is not a
statute of limitations, which refers to the time period for
bringing a lawsuit, but is instead a statute of repose, which
circumscribes the absolute expiration of the right itself.  523
U.S. 410, 419 (1998).  The Court explained:

> Section 1635(f) ... takes us beyond any
> question whether it limits more than the time
> for bringing a suit, by governing the life of
> the underlying right as well.  The subsection
> says nothing in terms of bringing an action
> but instead provides that the 'right of
> rescission under the Act shall expire' at the
> end of the time period.  It talks not of a
> suit's commencement but of a right's
> duration, which it addresses in terms so
> straightforward as to render any limitation
> on the time for seeking a remedy superfluous.
> There is no reason, then, even to resort to
> the canons of construction that we use to
> resolve doubtful cases, such as the rule that
> the creation of a right in the same statute
> that provides a limitation is some evidence
> that the right was meant to be limited, not
> just the remedy.

Id. at 417 (citations omitted).  Ocasio fails to distinguish, or
even refer to Beach, which we find controls her claim for
rescission under TILA.  Thus, Ocasio's claim for rescission under
TILA is time-barred.

Accordingly, we will dismiss Counts I and II of
Ocasio's Second Amended Complaint against defendants Ocwen and
BONY.[2]

---

2. Ocasio also seeks to hold Ocwen and BONY vicariously liable
for the acts of the originating lenders under TILA.  As we
determine later in this Memorandum that the conspiracy
allegations against Ocwen and BONY should be dismissed, Ocasio
cannot rely on that theory to assert vicarious liability.

Next, Ocwen and BONY argue that Count IX of Ocasio's Second Amended Complaint must be dismissed because she has failed to plead fraud with particularity.  Rule 9(b) of the Federal Rules of Civil Procedure provides that "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  Rule 9(b) requires, at a minimum, that a plaintiff support her allegations of fraud "with all of the essential factual background that would accompany 'the first paragraph of any newspaper story' - that is, the 'who, what, when, where and how' of the events at issue."  In re Rockefeller Center Props., Inc. Sec. Litig., 311 F.3d 198, 217 (3d Cir. 2002) (citing In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1422 (3d Cir. 1997).  "Plaintiffs may satisfy this requirement by pleading the date, place or time of the fraud, or through alternative means of injecting precision and some measure of substantiation into their allegations of fraud."  Lum v. Bank of Am., 361 F.3d 217, 224 (3d Cir. 2004) (citations and internal quotations omitted).  "Plaintiffs also must allege who made a misrepresentation to whom and the general content of the misrepresentation."  Id.

Ocasio contends that she has properly pleaded her claims of fraud against Ocwen and BONY.  She points to the following paragraphs in the Second Amended Complaint:

> 19.  Defendants charged an additional escrow fee of $168.40 from around December 2005 through December 2006.

-7-

20.   In or around March 2007, Defendants changed the escrow charge to $73.14.

21.   Defendants added an unexplained (and inexplicable) charge for "Optional MMI Sign and Drive" that was $24.90 from in or around October 2005 through January 2006.

22.   Another charge that Defendant added was an unexplained (and inexplicable) financial insider charge of $12.95 in or around November 2006 through December 2006.

* * *

29.   Additionally, Defendants now assert that the loan contains a fifteen (15) year term with an original principle [sic] of $28,000.00.

Ocasio's allegations of fraud fall short of the Rule 9(b) standard.  She has not put defendants Ocwen or BONY on notice of the precise misconduct with which they are charged and has not "inject[ed] precision and some measure of substantiation" into her allegations.  Lum, 361 F.3d at 224.  We will dismiss Count IX of the Second Amended Complaint against defendants Ocwen and BONY.

Ocwen and BONY also maintain that Ocasio has failed to state a claim for conspiracy in Count XIV of her Second Amended Complaint.  To state a claim for common law civil conspiracy under Pennsylvania law, a plaintiff must allege:  "(1) a combination of two or more persons acting with a common purpose to do an unlawful act or to do a lawful act by unlawful means or for an unlawful purpose; (2) an overt act done in pursuance of the common purpose; and (3) actual legal damage." Smith v. Wagner, 588 A.2d 1308, 1311-12 (Pa. Super. 1991) (citations

omitted); <u>Fleet Nat'l Bank v. Boyle</u>, 2005 U.S. Dist. LEXIS 44036,
*46 (E.D. Pa. Sept. 12, 2005).  It is not necessary that the
plaintiff allege "specifically the time, place or date for a
conspiratorial meeting or the precise date on which the
conspiracy was entered." <u>Smith</u>, 588 A.2d at 1312 (citations
omitted).  However, "[p]roof of malice, i.e., an intent to
injure, is an essential proof of a conspiracy." <u>Skipworth v.
Lead Indus. Ass'n, Inc.</u>, 690 A.2d 169, 174 (Pa. 1997) (citation
omitted).  Ocasio's allegations regarding conspiracy consist
entirely of the following sentence:  "At all times material,
Defendants acted conspiratorially, in concert, and/or aiding and
abetting each other to perpetrate harms and/or misconduct."
Pl.'s 2nd Am. Compl. at ¶ 74.  Plainly, this bare allegation does
not meet even the minimum requirements for a claim of conspiracy.
Count XIV of the Second Amended Complaint will be dismissed
against Ocwen and BONY.

        Finally, we address the motions of Ocwen and BONY for a
more definite statement under Rule 12(e) of the Federal Rules of
Civil Procedure as to Ocasio's remaining claims in the Second
Amended Complaint.  Rule 12(e) provides that "[a] party may move
for a more definite statement of a pleading to which a responsive
pleading is allowed but which is so vague or ambiguous that the
party cannot reasonably prepare a response."  Because the federal
courts employ a liberal system of notice pleading in which
pleadings will be construed to do substantial justice, motions
for a more definite statement are sparingly granted.  Fed. R.

Civ. P. 8(e); <u>Schaedler v. Reading Eagle Publ'n, Inc.</u>, 370 F.2d 795, 798 (3d Cir. 1967).  "Rule 12(e)'s standard is plainly designed to strike at unintelligibility rather than lack of detail."  2 James Wm. Moore et al., Moore's Federal Practice § 12.36 at 12-121 (3d ed. 2008).  We determine that Counts VII, VIII, X, XI and XII of Ocasio's Second Amended Complaint are sufficiently pleaded under the federal notice pleading standard. <u>Bell Atl. Corp. v. Twombly</u>, 127 S. Ct. 1955 (2007).  Accordingly, we will deny the motions of Ocwen and BONY for a more definite statement as to Counts VII, VIII, X, XI, and XII of the Second Amended Complaint.

In sum, we will grant the motions of defendants Ocwen and BONY to dismiss Counts I, II, III, IV, V, VI, IX, XIII and XIV of the Second Amended Complaint against them.  We will deny the motions of Ocwen and BONY for a more definite statement as to Counts VII, VIII, X, XI, and XII of the Second Amended Complaint.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IRIS OCASIO                          :        CIVIL ACTION
                                     :
            v.                       :
                                     :
OCWEN LOAN SERVICING, LLC,           :
et al.                               :        NO. 07-5410

ORDER

AND NOW, this 23rd day of July, 2008, for the reasons
set forth in the accompanying Memorandum, it is hereby ORDERED
that:

(1)  the motion of defendant Ocwen Loan Servicing, LLC
to dismiss plaintiff's Second Amended Complaint pursuant to
Federal Rule of Civil Procedure 12(b) and 9(b) and for more
definite statement pursuant to Federal Rule of Civil Procedure
12(e) (Doc. No. 20) is GRANTED in part and DENIED in part;

(2)  the motion of defendant Ocwen Loan Servicing, LLC
to dismiss is GRANTED as to Counts I, II, III, IV, V, VI, IX,
XIII and XIV of plaintiff's Second Amended Complaint against it;

(3)  the motion of defendant Ocwen Loan Servicing is
otherwise DENIED;

(4)  the motion of defendant Bank of New York to
dismiss plaintiff's Second Amended Complaint pursuant to Federal
Rule of Civil Procedure 12(b) and 9(b) and for more definite
statement pursuant to Federal Rule of Civil Procedure 12(e) (Doc.
No. 24) is GRANTED in part and DENIED in part;

(5)   the motion of defendant Bank of New York to dismiss is GRANTED as to Counts I, II, III, IV, V, VI, IX, XIII and XIV of plaintiff's Second Amended Complaint against it;

(6)   the motion of defendant Bank of New York is otherwise DENIED; and

(7)   defendants Ocwen Loan Servicing, LLC and Bank of New York shall file and serve their answers to the remaining counts of the Second Amended Complaint on or before August 11, 2008.

BY THE COURT:


/s/ Harvey Bartle III
                                                    C.J.

-2-