```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| IRIS OCASIO | : | CIVIL ACTION |
| v. | : | |
| OCWEN LOAN SERVICING, LLC, | : | |
| et al. | : | NO. 07-5410 |

MEMORANDUM

Bartle, C.J.                                              March 13, 2009

The plaintiff, Iris Ocasio, brings this lawsuit claiming she was the victim of predatory lending and consumer fraud by defendants, Ocwen Loan Servicing, LLC ("Ocwen"), American Business Credit, Inc., American Business Credit Corporation and The Bank of New York ("BONY").  She seeks rescission of the loan and termination of any security interest of defendants in her home, as well as statutory and punitive damages, forfeiture and return of loan proceeds, and attorneys' fees.

In July of 2008, we granted in part and denied in part the motion of Ocwen and BONY to dismiss the plaintiff's second amended complaint pursuant to Rules 12(b) and 9(b) of the Federal Rules of Civil Procedure and for more definite statement pursuant to Rule 12(e).  We dismissed the plaintiff's claims for violations of:  (1) the Federal Truth-in-Lending Act, 15 U.S.C. § 1601, et seq. (Count I); (2) the Home Ownership and Equity Protection Act, 15 U.S.C. § 1639, (Count II); (3) the Real Estate

Settlement Procedures Act, 12 U.S.C. § 2601, et seq. (Count III); (4) the Equal Credit Opportunity Act, 15 U.S.C. § 1691, et seq. (Count IV); (5) the Fair Credit Reporting Act, 15 U.S.C. § 1681 (Count V); and (6) the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (Count VI).  We also dismissed the plaintiff's state law claims for fraud and fraudulent misrepresentation (Count IX), breach of fiduciary duty (Count XIII), and conspiracy, acting in concert, and aiding and abetting (Count XIV).

Now pending before the court is the motion of defendants, BONY and Ocwen, for summary judgment with respect to the plaintiff's remaining claims for relief under the Pennsylvania Fair Credit Extension Uniformity Act ("FCEUA"), 73 Pa. Cons. Stat. § 2270.1, et seq. (Count VII) and the Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 Pa. Cons. Stat. § 201-1, et seq. (Count VIII).  They additionally move for summary judgment with respect to the plaintiff's state common law causes of action for:  (1) for breach of contract and warranty (Count X); (2) negligence, negligent misrepresentation and improvident (negligent) lending (Count XI); and (3) breach of the covenant of good faith and fair dealing (Count XII).

The plaintiff's claims under numerous federal statutes, including the Truth-in-Lending Act, originally formed the basis for federal jurisdiction in this matter.  28 U.S.C. § 1331.  The plaintiff's federal claims have all been dismissed by virtue of our Order dated July 23, 2008 as to the motion of Ocwen and BONY

to dismiss and for a more definite statement.  We exercise supplemental jurisdiction over the plaintiff's remaining state law causes of action pursuant to 28 U.S.C. § 1367.

## I.

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment should be "rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  A dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A factual dispute is material when it "might affect the outcome of the suit under the governing law."  Id.  After reviewing the evidence, the court makes all reasonable inferences in the light most favorable to the non-movant.  In re Flat Glass Antitrust Litig., 385 F.3d 350, 357 (3d Cir. 2004).

Where the nonmoving party bears the "burden of persuasion at trial, the moving party may meet its burden on summary judgment by showing that the nonmoving party's evidence is insufficient to carry that burden."  Wetzel v. Tucker, 139 F.3d 380, 383 (3d Cir. 1998).  A genuine issue of material fact is created if the nonmoving party "provides sufficient evidence to allow a reasonable jury to find for him at trial."  Id.  The evidence submitted and relied upon must be admissible at trial.  Id.

II.

The plaintiff's second amended complaint, filed in April 2008, contained fourteen causes of action founded on the defendants' alleged predatory lending and fraud in connection with a loan she obtained from the originating lenders, American Business Credit, Inc. and American Business Credit Corporation. It alleges the loan amount was $20,000, while the Promissory Note clearly reflects a loan amount of $28,000 secured by a mortgage on the plaintiff's real estate at 3501 North Water Street in Philadelphia, Pennsylvania.  See Sec. Am. Compl. ¶ 15.  The Promissory Note is signed by Iris B. Ocasio, as "Individual and Proprietor t/a Arco Iris Beauty Salon."  The Mortgage is signed by Iris B. Ocasio, "Individual."  The Settlement Statement for the Mortgage lists Iris Molina n/k/a Iris B. Ocasio as the borrower on the first page but the second page lists "Iris B. Ocasio t/a Arco Iris Beauty Salon" as the borrower.  The second page is signed by the plaintiff above a line describing her as "Iris B. Ocasio, Individual & Proprietor."  The loan application, dated August 22, 2001, identifies Iris Ocasio as the loan applicant and the business name is listed as Arco Iris Beauty Salon at 3501 N. Water Street, Philadelphia.

BONY is the current assignee holder of the Note and Mortgage and the assignee owner of the Note.  According to the affidavit of Gina Johnson, an Ocwen Senior Loan Analyst, Ocwen is the servicer and attorney in fact for BONY.  BONY became the

assignee owner of the Note in April of 2005, and Ocwen began servicing the loan at the same time.  See Johnson Aff. ¶¶ 8, 13.

The plaintiff asserts the loan contained a 10 year fixed rate term requiring monthly payments in the amount of $416.13.  The Promissory Note provides for:

> Principal payments, together with interest calculated at a rate of 16.2500% per annum, payable in One Hundred Nineteen (119) equal, consecutive monthly installments of $416.13 each, beginning on November 5, 2001, and continuing on the same day of each month thereafter, with a final, One Hundred Twentieth (120), installment of $17,433.94 <u>[t]ogether with any unpaid principal, interest, costs, fees or other sums due hereunder accrued in connection herewith</u>. [emphasis added].

The Note further provides for the imposition of various charges, such as returned check fees and late fees, in certain circumstances.

The plaintiff complains about aspects of the loan origination and closing as well as about the subsequent servicing of the loan.  With respect to the loan origination and closing, plaintiff alleges that payments made "from the proceeds of plaintiff's loan" were not customary and were not "actually paid or actually accrued."  She asserts such payments were not disclosed as "pre-paid finance charges" or as otherwise legally required.  The improper payments or disclosures included, among other things, "YSP, appraisal fee, title insurance premium, lien, judgment and/or prior mortgage payoffs, and/or other 'closing costs' (such as, application, document preparation, recording,

notary, courier, wire, and/or mailing fees)."  Sec. Am. Compl. ¶ 34.

As to the subsequent servicing of the loan, the plaintiff asserts in the second amended complaint that the defendants began a series of servicing errors in or around 2005, which included failing to credit payments, creating an additional escrow charge where the escrow was previously included in the fixed amount, and charging late fees and other fees.  Sec. Am. Compl. ¶ 17.  She specifically mentions the defendants' failure to credit a payment to her account in February 2007, an improper escrow fee charge of $168.40 in December 2005, an unexplained charge of $24.90 for "Optional MMI Sign and Drive" from October 2005 through January 2006, an unexplained financial insider charge of $12.95 from November 2006 through December 2006, and numerous returned check fees in 2006 and 2007.  Sec. Am. Compl. ¶¶ 18-23.

### III.

We are required to view the evidence submitted on a motion for summary judgment in the light most favorable to the non-moving party.  <u>Anderson</u>, 477 U.S. at 255.  The problem here is that plaintiff has cited virtually nothing of record in opposition to defendants' motion.  The motion of Ocwen and BONY for summary judgment is grounded primarily on the failure of plaintiff, who has the burden of proof, to come forward with evidence supporting any of her remaining claims for relief.  The defendants are correct that plaintiff has not met her burden to

go beyond the pleadings and produce evidence in the form of affidavits and responses to discovery.  With no facts in the record, defendants correctly contend plaintiff has not and cannot demonstrate the existence of a genuine issue of material fact.  We address this failure of proof with respect to each of the remaining five counts.

Plaintiff asserts a violation of the FCEUA in Count VII of the second amended complaint.  According to this Count, Ocwen and BONY communicated with the plaintiff in an attempt to collect a debt and did so using unfair and unconscionable collection methods.  Ocwen and BONY allegedly gave a false impression of the character, amount or legal status of the debt, used false and deceptive collection methods, and made threats and took illegal action in violation of the statute.

The FCEUA defines a "debt" as an "actual or alleged past due obligation, claim, demand, note or other similar liability of a consumer to pay money, arising out of a single account as a result of a ... loan of money or extension of credit which is obtained primarily for personal, family or household purposes[.]"  73 Pa. Cons. Stat. § 2270.3.  Ocwen and BONY maintain that there is no evidence of record that the mortgage and note were primarily for personal, family or household purposes.  The documents, on which plaintiff presumably relies, merely state in several different places that the borrower was Iris Ocasio, "individually and proprietor t/a Arco Iris Beauty Salon."  Plaintiff unfortunately submits nothing else to support

her position.  No reasonable jury could draw an inference from the meager information before us that the loan was obtained primarily for "personal, family or household purposes."  <u>In re Ikon Office Solutions, Inc. Sec. Litig.</u>, 277 F.3d 658, 665 (3d Cir. 2002).  Thus, we will enter summary judgment for defendants, Ocwen and BONY, with respect to Count VII of the second amended complaint.

Count VIII of the second amended complaint alleges the defendants violated the UTPCPL, 73 Pa. Cons. Stat. § 201-1, et seq., in the following respects:  (1) by misrepresenting the character, extent or amount of the debt or its status in a legal proceeding in violation of section 201-3.1; (2) engaging in fraudulent or deceptive conduct which created a likelihood of confusion or misunderstanding in violation of section 201-2(xxi); (3) imposing credit costs prohibited by law and failing to comply with numerous federal and state statutes; and (4) misrepresenting characteristics and benefits of the loan in violation of section 202-1(v).

The UTPCPL is a consumer protection statute designed to protect the "public from fraud and unfair or deceptive business practices."  <u>Pirozzi v. Penske Olds-Cadillac-GMC, Inc.</u>, 605 A.2d 373, 375 (Pa. Super. Ct. 1992).  Like the FCEUA, the UTPCPL only provides a private right of action to any person who purchases goods or services "primarily for personal, family or household purposes."  73 Pa. Cons. Stat. § 201-9.2(a).  Again, Ocwen and BONY assert that plaintiff has come forward with no evidence that

the mortgage and note were primarily for personal, family or household purposes as the documents merely describe the borrower as Iris Ocasio, "individually and proprietor t/a Arco Iris Beauty Salon."

Our reasoning with respect to the FCEUA applies here as well.  The plaintiff has failed to submit an affidavit, answers to interrogatories, admissions or other discovery responses supporting her conclusory allegations that this was a personal, family or household transaction, which is an element of her prima facie case under this statute.  73 Pa. Cons. Stat. § 201-9.2(a); Novinger Group, Inc. v. Hartford Ins., Inc., 514 F. Supp. 2d 662, 670 (M.D. Pa. 2007).  Defendants are entitled to summary judgment with respect to Count VIII.

Count X of the plaintiff's second amended complaint asserts a claim for breach of contract and warranty.  BONY, the assignee and current holder of the mortgage and note, and Ocwen, the loan servicer, move for summary judgment on the ground that they did not originate the loan and, therefore, privity is lacking.  Plaintiff responds as to Ocwen that she is an "intended target of the contract" between Ocwen and BONY.  She seems to advance a third-party beneficiary theory.  However, with the exception of two account statements, she fails to present any evidence, or even argument, supporting the prima facie elements

of a breach of contract.  More fundamentally, she fails to even identify the nature of the breach.[1]

Plaintiff offers little more in the way of explanation with respect to BONY.  She maintains there is privity of contract between herself and BONY by virtue of the assignment of the loan from the originating lenders to BONY.  She adds that BONY breached this contract by varying her payments and simply references two account statements in support of her position.  However, plaintiff has not pointed us to the provisions of the contract she alleges BONY breached.  She has failed to submit an affidavit or other evidence explaining how any of the charges set forth in her monthly statement were incorrect and improperly billed to her.  The two monthly account statements by themselves tell the reader nothing about a breach of contract.

Once again, the plaintiff has failed to "designate specific facts by use of affidavits, depositions, admissions, or answers to interrogatories showing there is a genuine issue for trial" on the breach of contract claim.  In re Ikon, 277 F.3d 658 at 665.  Thus, we will grant the defendants' motion for summary judgment with respect to Count X of the second amended complaint.

---

1.  Plaintiff devotes approximately four sentences of her response to the defendants' motion for summary judgment to the breach of contract argument with respect to Ocwen.  The last sentence of this section, which is incomplete, states:  "Ocwen breached its duties by[.]" We are understandably at a loss as to what plaintiff is arguing in terms of her breach of contract claim against Ocwen.

Count XI, entitled "Negligence, Negligent Misrepresentation & Improvident (Negligent) Lending," is a one sentence paragraph stating that defendants acted "negligently, carelessly, and/or recklessly." Sec. Am. Compl. ¶ 71. Plaintiff has withdrawn her claim for negligent lending as against Ocwen and BONY only but continues to press her negligence and negligent misrepresentation claims.

Defendants correctly assert that the two-year statute of limitations has run on that portion of the plaintiff's negligence claim that is based on conduct that occurred at the September 27, 2001 origination and closing of the loan. 42 Pa. Cons. Stat. § 5524(7). The plaintiff's complaint was filed more than six years later on December 24, 2007. As to the alleged post-closing, servicing errors, the defendants correctly maintain that plaintiff has failed to present any evidence in support of these claims. In re Ikon, 277 F.3d 658 at 665. Thus, summary judgment will be granted with respect to Count XI of the second amended complaint, which is grounded in negligence.

Finally, Ocwen and BONY move for summary judgment with respect to Count XII of the second amended complaint, which asserts a cause of action for breach of the covenant of good faith and fair dealing. This count consists of the following one sentence: "At all times material, Defendants were in violation of the covenant of good faith and fair dealing." Sec. Am. Compl. ¶ 72. The plaintiff has not responded to the defendants' motion

for summary judgment with respect to this count.  We assume that plaintiff has nothing to say in response.

Accordingly, we will grant the motion of defendants, Ocwen and BONY, for summary judgment on Counts VII, VIII, X, XI and XII of the second amended complaint.

```
           IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IRIS OCASIO                      :      CIVIL ACTION
                                 :
        v.                       :
                                 :
OCWEN LOAN SERVICING, LLC,       :
et al.                           :      NO. 07-5410
```

ORDER

      AND NOW, this 13th day of March, 2009, for the reasons set forth in the accompanying Memorandum, it is hereby ORDERED that:

      (1) the motion of defendants, Ocwen Loan Servicing, LLC and The Bank of New York, as successor to JPMorgan Chase Bank, N.A., as Indenture Trustee on behalf of the noteholders and the note insurer of the ABFS Mortgage Loan Trust 2001-4, Mortgage Backed Notes, misnamed as Bank of New York Mellon Corporation, for summary judgment with respect to Count VII for violation of the Pennsylvania Fair Credit Extension Uniformity Act, Count VIII for violation of the Unfair Trade Practices and Consumer Protection Law, Count X for breach of contract and warranty, Count XI for negligence, negligent misrepresentation and improvident (negligent) lending, and Count XII for breach of the covenant of good faith and fair dealing is GRANTED; and

      (2) judgment is entered in favor of the defendants, Ocwen Loan Servicing, LLC and The Bank of New York, as successor to JPMorgan Chase Bank, N.A., as Indenture Trustee on behalf of

the noteholders and the note insurer of the ABFS Mortgage Loan Trust 2001-4, Mortgage Backed Notes, misnamed as Bank of New York Mellon Corporation, and against the plaintiff, Iris Ocasio on Counts VII, VIII, X, XI and XII of the Second Amended Complaint.

BY THE COURT:

/s/ Harvey Bartle III
C.J.